UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

RACHAEL BRONSTEIN, individually, and
MANSFIELD BRONSTEIN, PA,
a Florida corporation,

    Plaintiffs,

v.

WINDHAM PROFESSIONALS, INC.,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FDCPA AND THE TCPA

1.  This is an action for damages arising from Defendant's violations of 47 U.S.C. § 227 *et seq.,* the Telephone Consumer Protection Act (TCPA) and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA). Plaintiffs, RACHAEL BRONSTEIN and MANSFIELD BRONSTEIN, PA, allege that Defendant WINDHAM PROFESSIONALS, INC. incessantly and unlawfully placed calls to Plaintiffs' cellular telephone in an attempt to collect an alleged consumer debt owed by someone other than Plaintiffs.

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. § 1331. Venue in this District is proper because Plaintiffs reside and do business here and Defendant does business and places phone calls into this District.

## PARTIES

3. Plaintiff, RACHAEL BRONSTEIN, is a natural person and a citizen of the State of Florida residing in Miami-Dade County, Florida. Said Plaintiff, at all times relevant herein exercised dominion and control over the cellular telephone to which Defendant was calling. Said Plaintiff used the cellular telephone primarily for personal purposes.

4. Plaintiff, MANSFIELD BRONSTEIN, PA, is a Florida corporation whose main office is in Broward County. Said Plaintiff generally pays the bills associated with the cellular telephone which Defendant was calling.

5. Plaintiffs RACHAEL BRONSTEIN and MANSFIELD BRONSTEIN may be collectively referred to herein as either "Plaintiff" or "Plaintiffs". Plaintiffs are not seeking duplicative relief but are instead both named parties in the instant lawsuit because the TCPA is in a state of flux with respect to the issue of standing.

6. Defendant, WINDHAM PROFESSIONALS, INC. ("Defendant") is a foreign corporation, incorporated in New Hampshire. Defendant's principle address is: 380 Main Street, Salem, New Hampshire 03079. The address of

Defendant's registered agent for service of process in Florida is: Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301-2525.

7. Defendant regularly engages in interstate commerce, reaching into the State of Florida using the mail and telephone in a business which attempts to collect upon defaulted consumer debts. Defendant regularly attempts to collect consumer healthcare debts using its telephonic capabilities.

8. Defendant has registered its business as a Consumer Collection Agency in the State of Florida. "Consumer collection agency means any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. § 559.55(7).

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

10. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶ 10).

11. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

12. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) (emphasis added).

13. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶ 133.

14. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

15. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.,* 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

16. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone,* 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

## FACTUAL ALLEGATIONS

17. The instant lawsuit stems from the telephonic collection efforts of Defendant over the last several years. Defendant has placed approximately fifty (50) calls to Plaintiff's cellular telephone number, XXX-XXX-3928 (the "3928 number").

18. At all times relevant herein, Plaintiff maintained dominion and control over the 3928 number, which is provided to her for use as her personal cellular telephone under the group telephone service plan of which she is a member.

19. Defendant stated to Plaintiff that the calls were in regards to an alleged debt owed to Viacord, Inc., for medical services of a personal and family nature.

20. The unlawful calls to Plaintiff were placed using a predictive dialer, or device which has the capacity to be used as an automatic telephone dialing system ("ATDS").

21. Defendant's website advertises that they use a "predictive dialer system" in their "Healthcare Collections Division". Source: (http://www.windhampros.com/collection-divisions/healthcare last accessed October 31, 2013).

22. Defendant made telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system.  Upon answering Defendant's calls, Plaintiff would hear several seconds of "dead air" as Defendant's predictive dialer system connected the call to Defendant's agent.

23. Plaintiff maintains that in spite of her numerous requests to cease calling her, Defendant persisted in calling approximately fifty times during the relevant time frame in an effort to collect an alleged consumer debt.

24. The aforesaid calls continued even after Plaintiff settled the alleged debt with the original creditor.

25.     Defendant's conduct is at best intentional ongoing harassment and at worst an attempt to extort money from Plaintiff.

26.     Even if Defendant asserts that Plaintiff provided prior express consent to be called, Plaintiff orally revoked any previous consent to receive calls made with an auto-dialer and/or receive pre-recorded messages on her cellular telephone. *See Gager v. Dell Financial Services, LLC*, --- F.3d ----, 2013 WL 4463305 (3d Cir. August 22, 2013) (holding that under the TCPA consent to be contacted on a cellular phone can be revoked at any time, and subsequent autodialed calls to cell phones are violations of the Act).

27.     The frequency of Defendant's calls, as well as the obstinate refusal to discontinue calling when presented with Plaintiff's assertion that she had settled any alleged debt, indicates that Defendant's calls were intended to annoy, abuse, and harass Plaintiff.

28.     Despite its familiarity with the TCPA, Defendant either willfully or knowingly violated the TCPA in placing calls to the Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29.      Plaintiffs incorporate paragraphs 1 through 28.

30.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or

prerecorded and/or artificial voice; therefore, they were not legally permissible under any provision of the aforementioned statute.

WHEREFORE, Plaintiffs, RACHAEL BRONSTEIN and MANSFIELD BRONSTEIN, PA, request that the Court enter judgment in favor of Plaintiffs and against Defendant WINDHAM PROFESSIONALS, INC. for:

a. $500 dollars in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

b. $1500 dollars in statutory damages for each violation of the TCPA held to be a knowing or willful violation;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d. Attorney's fees, litigation expenses and costs of the instant suit, and:

e. Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARRASSMENT IN VIOLATION OF 15 U.S.C. § 1692d

31. Plaintiffs incorporate paragraphs 1 through 28.

32. Defendant called Plaintiff's cellular telephone using an auto-dialer and without the prior express consent of the Plaintiff. These actions were in violation of the TCPA and further violated Plaintiff's rights pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). *See Clark v. Weltman, Weinberg & Reis, Co.*,

L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (stating that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiffs, RACHAEL BRONSTEIN and MANSFIELD BRONSTEIN, PA, request that the Court enter judgment in favor of Plaintiff and against Defendant WINDHAM PROFESSIONALS, INC. for:

    a.    Damages, both statutory and actual;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## ATTEMPTING TO COLLECTING A NON-EXISTENT DEBT IN VIOLATION OF 15 U.S.C. §§ 1692e, 1692f

33. Plaintiffs incorporate paragraphs 1 through 28.

34. Defendant continued to try and collect on an alleged debt after Plaintiff settled her account with Viacord, Inc., the original alleged creditor.

35. In doing so, Defendant made a false representation of the character, amount, or legal status of the alleged debt, thereby violating 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

WHEREFORE, Plaintiffs, RACHAEL BRONSTEIN and MANSFIELD BRONSTEIN, PA, request that the Court enter judgment in favor of Plaintiff and against Defendant WINDHAM PROFESSIONALS, INC. for:

      a.      Statutory Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: November 5, 2013.

                        Respectfully submitted,

By:   */s/ Scott D. Owens*
       Scott D. Owens, Esq.
       Florida Bar No. 0597651
       664 E. Hallandale Beach Blvd.
       Hallandale, FL 33009
       Tel   954-589-0588
       Fax   954-337-0666
       scott@scottdowens.com
       *Attorney for Plaintiffs*